[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de PLAINTIFF'S MOTION FOR CONTEMPT RE: PERSONAL PROPERTY POST JUDGMENT (141.01)
The plaintiff's motion alleges that the defendant, after the trial, divested herself of a diamond ring in her possession that came from the plaintiff's father. The plaintiff seeks a finding of contempt and an order directing her to retrieve the ring or pay plaintiff its replacement value.
Mrs. Jean Clarke was called to testify by the defendant. Mrs. Clarke was the wife of plaintiff's father for a period of time while the parties were married. The ring in question was described by the witness as "a platinum setting diamond engagement ring with four baguettes two either side." The witness received it from her former father-in-law, the plaintiff's grandfather, as a gift in 1979. The witness gave it to the defendant in 1988.
The judgment provides that:
 "the plaintiff shall be entitled to those assets in the possession of the defendant that came from his family."
A reciprocal award was made in favor of the defendant.
The ring is a marital asset. It was originally in the plaintiff's family, i.e. the plaintiff's grandfather. As a marital asset its ownership is subject to assignment as part of the division of assets ordered as part of the final judgment. Therefore, the defendant is under court order to deliver the ring to the plaintiff. Despite the court order the witness testified that the defendant was returning the ring to her. If Mrs. Jean Clarke now has the ring in her possession she has received it from a person unable to deliver good title for the ring has been declared to be the property of the plaintiff as ordered by this court in the judgment entered in this case. CT Page 17356
An articulation post judgment was heard by the trial judge on other matters contained in the judgment but not on the ring. The recent case ofSablosky v. Sablosky, 258 Conn. 713, (2001, at page 720 states:
 "The appropriate remedy for doubt about the meaning of a judgment is to seek a judicial resolution of any ambiguity; it is not to resort to self-help."
Since the defendant is acting pro se and is not an attorney the court has decided to allow her a reasonable time within which to attempt to retrieve the ring so it may be delivered to the plaintiff before a formal order finding contempt of the court's order is considered. The contempt remedy is particularly harsh, Eldridge v. Eldridge, 244 Conn. 523, 529,710 A.2d 757 (1998).
Therefore, a hearing is scheduled for January 22, 2002 at the same time other pending matters have already been assigned to determine if the defendant has complied with the court's order as stated supra. If no compliance has taken place the court shall hear evidence concerning the issue of contempt and the appropriate purge remedy.
So Ordered.
HARRIGAN, J.T.R.